JULY TERM, 1881, No. 43½. ˙ JANUARY 25TH, 1882.

## Maberry versus Dudley.

1. Under a lease of a farm, giving the landlord a right to repair, it is no defence to a claim for rent that during the term the outgoing tenant, without the consent of the landlord, entered the barn to thresh, and while in his possession the barn was consumed by fire.

2. Nor that by the fire the tenant was deprived of the use of any barn or outbuildings to the end of the term.

3. Nor that, against the objection of the tenant, the landlord entered and tore down the walls and débris for the purpose of rebuilding.

4. Nor that the new buildings were not intended for the enjoyment of the tenant, and he had no enjoyment of them.

5. To repair means to put the premises in their former condition.

6. Offers of evidence which, if admitted, would make out no defence are properly rejected.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 3, for *Philadelphia County*.

Replevin by James Maberry against William Dudley, Sr., landlord, and Abraham Updike, bailiff, for goods distrained by defendants for rent in arrear under a lease.

Upon the trial before YERKES, J., the following facts appeared:

The defendant, Dudley, by lease, dated February 15th, 1879, leased to the plaintiff a farm of ninety-eight acres, in Byberry, with the messuage and outbuildings, and the improvements necessary to the cultivation of the land, for the term of one year, at a rent of $750, payable in instalments. The lease reserved to the defendant the use of the part of the house occupied by him, the use of the spring and trough, the carriage-house, pig-pen, the ground on the northwest of the truck-patch, the Franklin pears, the small fruit in the yard, with manure for the same, and the chicken-yard, with the right of "doing any repairing" or the planting of trees about the farm.

In September, 1879, the barn burned down. An instalment of rent, $200, came due February 1st, 1880, and, not having been paid, the defendant distrained.

Counsel for plaintiff made several offers of evidence, as follows:

1. That, without the consent of the landlord, and against his consent, the outgoing tenant entered on the premises to cut his grain, and entered the barn for the purpose of threshing, and whilst in possession the barn was consumed by fire.

[Maberry *v.* Dudley.]

2. The extent of the loss by fire.

3. That by this fire the tenant was deprived of the use of any barn and outbuildings to the end of his term.

No buildings were substituted for those destroyed during the term for tenant's use.

4. That immediately after the fire, the landlord put men to work tearing away débris and tearing down walls, for the purpose of rebuilding, and that this was done without consent of tenant and against his objection.

5. That new buildings were not completed within three months from the time of fire, and that said buildings were not intended for the enjoyment of said tenant, and that said tenant had no enjoyment of the same.

These offers were all objected to and were rejected, and exceptions were taken.

February 1st, 1881.  Verdict for the defendant, rent in arrear, $200, on which judgment was subsequently entered.

The plaintiff then took out a writ of error, assigning as errors the exclusion of the above offers of testimony.

*Wm. Hall Waxler*, for plaintiff in error.

Only one side of the case was heard, and no fair conclusion can be formed.  There was a clear and unmistakable eviction.  The landlord took possession without the consent of the tenant and tore down the walls.  Rent is not apportioned in favor of a wrongdoer: Linton *v.* Hart, 1 Casey, 193; Bennett *v.* Bittle, 4 Rawle, 342; Briggs *v.* Thompson, 9 Barr, 338; Kessler *v.* McConachy, 1 Rawle, 435; Ross *v.* Dysart, 9 Casey, 452; McClurg *v.* Price, 9 P. F. Smith, 420; Magaw *v.* Lambert, 3 Barr, 444.

If it be argued by the counsel for the defendant that the landlord had a right to re-enter upon the premises for the purpose of repairing, then it is submitted that no covenant to repair can be so construed that the landlord can re-enter and erect entirely new buildings in place of those burned down; certainly no such force of construction can be given to the word repair in this case, where the destruction by fire was not contemplated.

In the case of Hoeveler *v.* Flemming *et al.*, 10 Norris, 322, it was decided, that, where the repairs are not ordinary, but of a character to deprive the tenant of all beneficial enjoyment of the premises, or at least seriously interrupt it while the repairs are in progress, they amount to an eviction, and suspend the rent.

*Samuel Wakeling*, for defendant in error.

As to the first offer, the waygoing tenant had a legal

right to enter on the land to cut and remove the waygoing crop, even after the expiration of his time: Stultz v. Dickey, 5 Binney, 285; Demi v. Bossler, 1 P. & W., 224; Craig v. Dale, 1 W. & S., 509; Iddings v. Nagle, 2 W. & S., 22.

The destruction of the barn by fire, whereby the plaintiff was deprived of its use, is no defence. The lease contained an express covenant to pay, and as there was no clause for a suspension of the rent in case of fire, or until the premises were rebuilt, the tenant took the risk and bound himself to pay the rent during the term: Bussman v. Ganster, 22 P. F. Smith, 285.

The right to repair the barn should be construed as a right to rebuild it for the benefit of the business to be conducted upon the whole property.

The lease contained no covenant on the part of the landlord to rebuild or repair for the tenant, who was bound to pay rent even if one of the buildings had been destroyed. There was no covenant as to repairs in three months, and the offer did not go to show that the enjoyment of the barn at the time when completed was refused by the landlord.

While there are many instances where an eviction is a suspension of the rent, yet the principle does not apply to this case, because the landlord was in part possession and enjoyment, and had reserved the right to maintain his estate in proper order. The cases cited by the plaintiff in error do not apply to this case. In all instances the tenants were in absolute possession, and there were no rights of entry in the landlord to maintain the estate. In this case the right of the landlord was based upon his concurrent enjoyment and possession of the building destroyed, with his reserved right to maintain his estate. The mere fact of the burning of the barn was not an eviction, unless it could be shown that it was the act of the landlord, and as the offer tendered no such proof, or even such suggestion, it should therefore fall.

FEBRUARY 13TH, 1882.—PER CURIAM: The offers of evidence, if admitted, would have made out no defence. By the lease the landlord had the right to repair the damage done by the fire. To repair, means to put the premises in their former condition. As there was no stipulation in the lease to that effect, there was nothing to relieve the tenant from the payment of the rent while the repairs were going on. Had the lease not been near expiring, the tenant no doubt would have insisted upon having them done.

Judgment affirmed.